UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHELLE LYNN GRAZIOPLENE

                             Plaintiff,                    **DECISION**
                                                                 **and**
                                                                 **ORDER**
            v.

ANDREW M. SAUL,[1] Commissioner of            **18-CV-00426F**
  Social Security,                                                         (**consent**)

                                     Defendant.
_____


APPEARANCES:              LAW OFFICES OF KENNETH R. HILLER, PLLC
                                   Attorneys for Plaintiff
                                   KENNETH HILLER, Esq.
                                   6000 North Bailey Avenue
                                   Suite 1A
                                   Amherst, New York 14226

                                   JAMES P. KENNEDY, JR.
                                   UNITED STATES ATTORNEY
                                   M. THAYNE WALKER
                                   Special Assistant United States Attorney
                                   Attorney for Defendant
                                   100 State Street
                                   Rochester, New York 14614
                                           and
                                   MICHAEL A. THOMAS
                                   Special Assistant United States Attorney, of Counsel
                                   Office of General Counsel
                                   Social Security Administration
                                   1961 Stout Street, Suite 4169
                                   Denver, Colorado 80294-4003

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and pursuant to Rule 25(d) of the Federal Rules of Civil Procedure is automatically substituted as the defendant in this suit with no further action required to continue the action.

                and

            JOHN JAY LEE
            Regional Chief Counsel, Region VIII
            Social Security Administration
            Office of General Counsel
            26 Federal Plaza
            Room 3904
            New York, New York 10278

## **JURISDICTION**

On June 19, 2018, the parties to this action, consented pursuant to 28 U.S.C. § 636(c) and a Standing Order (Dkt. No. 15), to proceed before the undersigned. (Dkt. No. 15-1). The court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on January 15, 2018 (Dkt. No. 7), and on January 14, 2018 by Defendant (Dkt. No. 12).

## **BACKGROUND**

Plaintiff Michelle Grazioplene ("Plaintiff"), brings this action under the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's application filed with the Social Security Administration ("SSA"), on March 24, 2014, for Disability Insurance Benefits under Title II of the Act ("SSI")("disability benefits"). Plaintiff alleges that she became disabled on January 1, 2006, when she stopped working as a result of her depression (R. 131 ).[2] Plaintiff's application was denied on August 12, 2014 (R. 58-60),

---

[2] "R" references are to the page of the Administrative Record electronically filed on August 16, 2018 (Dkt. No. 6).

and upon Plaintiff's timely request, on November 28, 2016 (R. 21-47), a hearing was held in Buffalo, New York, before administrative law judge Paul Georger ("the ALJ"). (R. 58-60). Appearing and testifying at the hearing was Plaintiff, with legal counsel Jeanne Murray, Esq. ("Murray"). On April 25, 2017, the ALJ issued a decision denying Plaintiff's claim (R. 10-13) ("the ALJ's decision"), which Plaintiff appealed to the Appeals Council with Murray appointed to represent Plaintiff on her administrative appeal. On February 9, 2018, the Appeals Council issued a decision denying Plaintiff's request for review, rendering the ALJ's decision the Commissioner's final decision. (R. 1-4). On April 10, 2018, Plaintiff commenced the instant action seeking judicial review of the ALJ's decision. (Dkt. No. 1). On October 15, 2018, Plaintiff filed a motion for judgment on the pleadings (Dkt. No. 7) ("Plaintiffs' Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 7-1) ("Plaintiff's Memorandum"). On January 14, 2019, Defendant filed a motion for judgment on the pleadings (Dkt. No.12) ("Defendant's Motion"), attaching a Memorandum in Support and in Response to Plaintiff's Brief (Dkt. No. 12-1) ("Defendant's Memorandum"). In further support of Plaintiff's Motion, Plaintiff filed on February 4, 2019, Plaintiff's Response to the Defendant's Motion (Dkt. No. 13) ("Plaintiff's Reply"). Oral argument was deemed unnecessary. Based on the following, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED. The Clerk of Court is directed to close the file.

## **FACTS**[3]

Plaintiff was born on January 24, 1968, completed eleventh grade in high school, her GED and cosmetology school, owned and operated a hair salon (R. 27, 131), and worked most recently part-time as a cafeteria worker for the Batavia Central School District until January 1, 2006, when she stopped working because of frequent absences. (R. 30).

## **DISCUSSION**

**1.   Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A).  A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error.  42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).  In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted).  "Substantial evidence is more than a mere scintilla.  It means such relevant evidence as a reasonable mind might

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those facts necessary for determining the pending motions for judgment on the pleadings.

accept as adequate to support a conclusion." *Id.* It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence. *Id.* "Congress has instructed . . . that the factual findings of the Secretary,[4] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982).

## 2.     Disability Determination

The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). If the claimant meets the criteria at any of the five steps, the inquiry ceases and the claimant is not eligible for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). The second step is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or

---

[4] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

5

"the Listings"), and meets the duration requirement,[5] there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience. 42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d). As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. 404.1520(e)-(f), and 416.920(e)(f), and the demands of any past relevant work ("PRW"). 20 C.F.R. §§ 404.1520(e) and 416.920(e). If the applicant remains capable of performing PRW, disability benefits will be denied, *id.*, but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c). The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step. 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).

In the instant case, the ALJ determined that Plaintiff did not engage in substantial gainful activity from her alleged onset date of January 1, 2006, through her date last

---

[5] The duration requirement mandates the impairment must last or be expected to last for at least a continuous twelve-month period. 20 C.F.R. §§ 404.1509 and 416.909.

insured on September 30, 2011. (R. 12). The ALJ also determined that no medical or laboratory findings substantiate the existence of any medically determinable impairment and that Plaintiff was therefore not disabled under step two of the disability review analysis. (R. 12).

During step two of the disability review analysis, the ALJ found that no medical opinion or laboratory signs substantiate the existence of any medically determinable impairment such that Plaintiff is not disabled as defined under the Act. (R. 12). Plaintiff contends that the ALJ erred finding Plaintiff not disabled during step two by failing to fully develop the record. Plaintiff's Memorandum at 8-13. Defendant maintains that Plaintiff's treatment for depression in 2002 pre-dates Plaintiff's onset date of June 1, 2006, and that Plaintiff's self-reported symptoms are not sufficient enough to meet the threshold for "severity" under step two. Defendant's Memorandum at 8-13. Plaintiff's motion on this issue is without merit.

The ALJ is required to develop the record by re-contacting treating sources only where the evidence in the record is inadequate to permit the ALJ to make a disability determination, *Perez v. Chater*, 77 F.3d 41, 48 (2d Cir. 1996) (ALJ not required to further develop the record by obtaining retrospective reports from claimant's physicians where reports from such physicians already in the record supported the ALJ's disability determination). Nor is remand required where an ALJ does not request medical reports or opinions, provided "the record contains sufficient evidence from which an ALJ can assess the petitioner's residual functional capacity." *Tankisi v. Comm'r of Soc. Sec.*, 521 Fed.Appx. 29, 34 (2d Cir. Apr. 2, 2013) (citing cases). Here, the administrative record is simply bereft of any evidence suggesting Plaintiff suffers from mental

7

impairments of a disabling degree.  Moreover, self-asserted symptoms of disability prior to the claimed onset date are insufficient to establish disability.  *See* 20 C.F.R. § § 404.1513(a)(1), 404.1521.

Notably, the only medical evidence on this record between June 1, 2006 and September 30, 2011, relates to Plaintiff's visits to her primary care physician for non-mental health related issues.  In particular, on May 8, 2009, Plaintiff underwent an abdominal ultrasound scan for left-sided pelvic pain that showed normal results.  (R. 368).  Blood tests on April 20, 2009, and September 3, 2010 were normal.  (R. 358-67, 369-72).

Relevantly, "[a] lack of supporting evidence on a matter for which the claimant bears the burden of proof, particularly when coupled with other inconsistent record evidence, can constitute substantial evidence supporting a denial of benefits."  *Barry v. Colvin*, 606 Fed. Appx. 621, 622 (2d Cir. Apr. 21, 2015).  Absent more definitive evidence indicating Plaintiff suffers from depression and anxiety sufficiently severe to impact Plaintiff's ability to work, the ALJ was not required to develop the record as to these asserted conditions.  *Perez v.* Chater, 77 F.3d 41, 48 (2d Cir. 1996) (ALJ not required to further develop record where record includes complete medical history sufficient to issuing a disability determination).  Accordingly, because the administrative record contains no evidence to support that Plaintiff's alleged mental impairments are severe under step two of the disability review analysis, Plaintiff's argument that the matter should be remanded for the ALJ for development of further evidence is without merit.  Plaintiff's motion on this issue is DENIED.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. No. 7) is DENIED; Defendant's Motion (Dkt. No. 12) is GRANTED. The Clerk of Court is directed to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: August 1, 2019
             Buffalo, New York